IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARY JOE BUNDY EVERAGE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL No: 3:21-CV-82-CAR |
| DAVID L. BUNNING, et al, : | |
| : | |
| Defendants. : | |

**ORDER DISMISSING CASE AND SANCTIONING PLAINTIFF**

On June 30, 2021, Plaintiff Mary Joe Everage, proceeding *pro se*, filed a Complaint asserting thirteen causes of action against nineteen defendants. Defendants filed four motions to dismiss and seek sanctions against Plaintiff for her frivolous filings. Having liberally construed the claims this Court can discern from Plaintiff's illogical and disjointed Complaint, it is clear Plaintiff's claims have no basis and law or fact. Therefore, Plaintiff's Complaint is **DISMISSED with prejudice.** Plaintiff's motion for recusal [Doc. 49] is **DENIED.** Plaintiff's Motion to Amend [Doc. 11] is **DENIED.** All other pending motions to dismiss in this case [Docs. 16, 22, 26, 40] are **DENIED as moot.** Defendant's Motion to Quash Subpoena [Doc. 39] is **DENIED as moot.** As a result of her abuse of the judicial process, frivolous filings, and patterns of vexatious litigation, Plaintiff is **PERMANENTLY ENJOINED** from filing any cases or documents in the United States Court for the Middle District of Georgia without prior leave of court.

1

## BACKGROUND

Plaintiff is a seasoned and prolific filer of abusive and meritless lawsuits against these Defendants and other businesses, individuals, and members of the federal judiciary. Plaintiff has repeatedly filed complaints, often proceeding *in forma pauperis*, with the same or similar allegations she asserts in this action. In each new lawsuit, Plaintiff asserts the same set of claims against both old and new defendants.

Each lawsuit alleges numerous defendants—often referred to as "German[s]"—conspired to ruin her personally, professionally, or economically or violated her rights in increasingly farfetched ways. Plaintiff has shown a flagrant disregard for court orders, and she continues to file meritless cases—even after other courts have dismissed the prior cases with prejudice.[1]

---

[1] *See Everage v. Welch*, Case No. 7:20-00010-GFVT, 2020 U.S. Dist. LEXIS 13861 (E.D. Ky. Jan. 28, 2020), ("The Eastern District of Kentucky has encountered pro se plaintiff Mary Jo Bundy Everage on a number of occasions. Most recently, in February 2019, this Court dismissed Ms. Everage's complaint that requested millions of dollars in damages from the Nashville Songwriters Association International (NSAI) for actions members of NSAI had allegedly taken against her over the last twenty years. *Everage v. Nashville Songwriters Ass'n Int'l*, Case No. 7:19-cv-10-GFVT, 2019 U.S. Dist. LEXIS 21382, 2019 WL 542291 (E.D. Ky. Feb. 8, 2019). In 2006, during a criminal proceeding against the plaintiff, the court ordered that Ms. Everage be involuntarily administered anti-psychotic medication. See *United States v. Everage*, Case No. 05-cr-11-DLB, 2006 U.S. Dist. LEXIS 20717 (E.D. Ky. 2006). And both before and after that time, Everage has been a pro se party to a number of civil matters. For example, Everage has filed a complaint for violations of her civil rights in conjunction with an arrest, see *Everage v. Whitaker*, Case No. 05-cv-115-KKC, 2006 U.S. Dist. LEXIS 13434 (E.D. Ky. 2006); an action regarding her dissatisfaction with a Ford pick-up truck, see *Everage v. Ford Motor Co.*, Case No. 04-cv-549-KKC, 2005 U.S. Dist. LEXIS 49715 (E.D. Ky. 2005); a complaint for damages stemming from the 2006 administration of psychotropic medication, see *Everage Real Estate, Inc. v. United States*, No. 7:17-cv-99-EBA, 2018 U.S. Dist. LEXIS 79015 (E.D. Ky. 2018); and at least two actions against television networks for their alleged invasions of privacy and "targeting", see *Everage v. Central Broadcasting Sys. Corp., Inc., et al.*, Case No. 7:18-cv-102-KKC (E.D. Ky. 2018); *Everage v. ABC Television Network, Inc., et al.*, Case No. 7:18-cv-119-REW, 2018 U.S. Dist. LEXIS 202304 (E.D. Ky. 2018). *See also Everage v. Rogers*, Case No. 3:01-cv-41-DF (M.D. Ga.); *Everage et al v. Athens Area Assoc.*, Case No. 3:01-cv-43-HL (M.D. Ga.); *Everage et al v. Athens Realtors, et al*, Case No. 3:03-cv-49-HL (M.D. Ga.); *Everage et al v. Trump et al*, Case No. 3-21-

Plaintiff openly acknowledges the prior dismissals.[2] But, since July 2017, Plaintiff has filed at least 12 lawsuits in federal courts in Kentucky and Georgia—many with the same or similar nonsensical allegations she asserts in this action. None of her lawsuits has been successful.

Here, Plaintiff again asserts the same conclusory allegations with no factual support against several defendants she has already sued—including Judge Bunning and Central Broadcasting Services.[3] Some of her most patently frivolous and wholly unsubstantiated allegations include:

- Central Broadcasting Services sexually harassed Plaintiff by placing cameras in her home.
- Gray Media news and weatherman "had cameras invading my privacy and seclusion in order to destroy me personally and professionally."
- "Brandon Akers and his crew were paid by the Germans to destroy [Plaintiff's house]."
- Columbia Gas Company […] "suspected of Putting carbon monoxide poisoning in [Plaintiff's] home."
- "Eric Couch, big drug dealer in Hindman, Kentuvky, [sic] for drilling holes in the brick porch and underneath my home in Hindman, putting dangerous gas fumes in my home for 3 weeks prior to my move back to Oconee County, Georgia. I had debilitating headaches for a month."

---

cv-33-CDL (M.D. Ga.); *Everage v. Welch et al*, Case No. 3-21-cv-93-CDL (M.D. Ga.).

[2] *See* Plaintiff's Amended Complaint, *Everage v. Welch et al*, Case No. 3:21-cv-93-CDL, Doc. 7, ("I filed suit in Kentucky against several people at CBS and CBS television and they countered with responses from five big attorney groups. One in Dallas, another in Milwaukee, one in Lexington and one in Louisville, ending with a big firm in Washington, D.C. This confirmed that I had not been imagining things." "However my case was dismissed by a German Judge Bunning in the Eastern United States Court in Pikeville. Bunning had not only held me 13 months on a misdemeanor to destroy my real estate career (violation of the Sherman Anti-Trust) but he had court ordered me force medicated with an anti-psychotic drug at the same time.").

[3] Plaintiff's Complaint, Doc. 1.

3

- Terry Forcht and the Forcht Group attempted to destroy Plaintiff's credit.
- Plaintiff was "relentlessly hacked" and the "torment, torture and seeming persecution were relentless, including CBS Television network and their affiliate Gray Media. I was targeted and exploited from 2004 to 2021 until I moved from the State of Kentucky." [sic].

Defendants request this Court enjoin Plaintiff, both individually and as Everage Real Estate, from filing additional frivolous lawsuits. Defendants cite Plaintiff's history of filing frivolous lawsuits and contend "Ms. Everage's most recently filed lawsuit in this District, *Everage v. Welch et al.*, No. 3:21-cv-00093-CDL (M.D. Ga. Aug. 11, 2021), confirms that she will continue to do so unless she is enjoined from doing so."[4] The Court agrees and will not allow Plaintiff to continue her abusive practices.

The Court ordered Plaintiff to appear for a show cause hearing on December 16, 2021, at 9:30 AM.[5] Plaintiff moved to continue the hearing for nonsensical reasons,[6] and the Court denied her motion.[7] In its order, the Court explicitly stated:

> **Plaintiff is ORDERED to appear for a hearing at the Federal Courthouse, 115 East Hancock Ave, Athens, GA 30601, on December 16, 2021 at 9:30 AM to SHOW CAUSE why the Court should not impose sanctions** for her abuse of the judicial process, frivolous filings, and patterns of vexatious litigation. Plaintiff's failure to appear will result in the dismissal of her case **with prejudice.**[8]

Plaintiff provided the Court with no logical reason why she should not be

---

[4] Defendant's Reply to Response, Doc. 41 at p. 6-7.
[5] Order to Show Cause, Doc. 43.
[6] Plaintiff's Motion to Continue Show Cause Hearing, Doc. 45.
[7] Order Denying Plaintiff's Motion to Continue, Doc. 46.
[8] *Id*.

sanctioned and her case be dismissed. Instead of appearing as ordered, Plaintiff filed a motion to recuse the undersigned.[9]

Currently pending before the Court are Plaintiff's motion for recusal, Plaintiff's motion to amend her Complaint, and Defendants' motions to dismiss and sanction Plaintiff.

## DISCUSSION

### A. Motion for Recusal

In support of her Motion for recusal, Plaintiff contends that "Judge Royal was appointed by President George Bush, who resides in Dallas, Texas, and who is half-German," and the Bush family's alleged ties to the oil industry.[10] Plaintiff's theories in her motion to recuse are as farfetched, illogical, and unsupported as those in her Complaint. Plaintiff's Motion for Recusal [Doc. 49] is **DENIED.**

### B. Motion to Amend

Plaintiff also filed a Motion to Amend her Complaint [Doc. 11]. In her Motion, Plaintiff stated, "[a]s a pro se attorney I cannot bring charges against a corporation, but I am suing these Defendants personally. Therefore, I am revis[ing] [sic] my lawsuit in order to target the perpetrators personally."[11] Plaintiff's Motion raises no new issues of law or fact, and any amended complaint would be futile. The Motion solely seeks to substitute

---

[9] Plaintiff's Motion for Recusal, Doc. 49.
[10] *Id*.
[11] Plaintiff's Motion to Amend, Doc. 11.

current and former executives for the corporations named in the original Complaint. Plaintiff did not attach or file a proposed amended complaint with her motion. Defendant Columbia Gas Company objected to Plaintiff's Motion.[12]

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[15]

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course" when no responsive pleading has been served.[16] If, however, a responsive pleading has been served and the adverse parties do not consent to the amendment, a party may amend its pleading only by leave of court.[17] In such circumstances, leave of court should be "freely give[n] when justice so requires."[18] Substantial reasons justifying a denial of a timely filed motion for leave to amend include "undue delay, bad faith, dilatory motive on the part of the movant, [ ] undue prejudice

---

[12] Response by Columbia Gas Company, Doc. 17.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[14] *Id.*
[15] *Bell Atlantic Corp.*, 550 U.S. at 556.
[16] Fed. R. Civ. P. 15(a).
[17] Fed. R. Civ. P. 15(a).
[18] *Id.*; *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Gp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984).

to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment."[19] The decision whether to grant leave to amend a complaint is within the sound discretion of the district court.[20]

When determining the adequacy of the allegations in the Complaint, the Court remains mindful that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[21] Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[22]

In her Motion to amend, Plaintiff raises the same nonsensical, unsupported, conclusory, and illogical allegations that she raised in her initial Complaint. Plaintiff asserts no new allegations and offers no new facts to state any viable claim. The Eleventh Circuit has held "[a] proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed."[23] Because any proposed amended complaint is futile, Plaintiff's Motion to Amend [Doc. 11] is **DENIED**.

---

[19] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[20] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).
[21] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[22] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[23] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

### C. Motions to Dismiss

Defendants filed four motions to dismiss Plaintiff's Complaint.[24] As is its duty, the Court has liberally construed Plaintiff's allegations, but it is clear that Plaintiff's illogical, meritless, and frivolous Complaint fails to state a claim. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless."[25] "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'"[26] As previously stated, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[27]

Plaintiff's allegations have no arguable basis in law or fact. Plaintiff's legal theories are indisputably meritless, and all conclusory factual assertions in her Complaint are clearly baseless and fantastical. Plaintiff's Complaint is wholly insufficient, frivolous, and fails to state a claim. Therefore, it is **DISMISSED with prejudice.**

### D. Sanctions

1. <u>Legal Standard</u>

The Eleventh Circuit has held "Rule 11 sanctions are warranted when a party files

---

[24] See Defendants' Motions to Dismiss, Docs. 16, 22, 26, 40.
[25] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[26] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[27] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).

an action that: (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal theory used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed in bad faith for an improper purpose. To impose sanctions, the district court must determine "whether the party's claims are objectively frivolous--in view of the facts or law--and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry."[28]

The Supreme Court has stated that "[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[29] "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," including abusive litigants.[30] This power includes enjoining Plaintiff's from filing additional frivolous lawsuits in the Middle District of Georgia.[31]

---

[28] *Williams v. Carney*, 266 F. App'x 897, 898-99 (11th Cir. 2008) (citing *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).
[29] *In re Anderson*, 511 U.S. 364, 365 (1994) (internal quotation marks and citation omitted).
[30] *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *see also Shivers v. United States*, 427 F. App'x 697, 699 (11th Cir. 2011).
[31] *See Giles v. Wal-Mart Stores E., L.P.*, No. 3:11-CV-164 (CAR), 2012 U.S. Dist. LEXIS 13997, at *8 (M.D. Ga. Feb. 6, 2012) ("In light of Plaintiff's persistently litigious behavior, the Court concludes that *res judicata* is too minimal of a protection against repetitive litigation. Accordingly, Plaintiff, and any parties acting in concert with him or at his behest, are therefore **PERMANENTLY ENJOINED** from filing any further complaint …") (emphasis in original); *Cobble v. United States*, 816 F. App'x 355, 359 (11th Cir. 2020) (affirming order enjoining *pro se* plaintiff from filing civil actions without court approval for two years); *Jackson v. Baisden*, No. 1:20-CV-174 (LAG) (TQL), 2021 U.S. Dist. LEXIS 169448, at *12 (M.D. Ga. Aug. 20, 2021) (enjoining *pro se* plaintiff from filing civil actions without prior court approval for one year).

Although a plaintiff may not "be completely foreclosed from any access to the court,"[32] her right to a judicial forum is nevertheless "neither absolute nor unconditional."[33] Because "[f]rivolous and vexatious lawsuits" burden the judicial system and "threaten the availability of a well-functioning judiciary to all litigants," a district court may impose restrictions on a person's access to conserve its resources and safeguard the right for the general public."[34] The Eleventh Circuit has noted that:

> although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable. However, the Eleventh Circuit held that pro se litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders.[35]

The Eleventh Circuit has instructed district courts that "an order imposing Rule 11 sanctions should state the specific basis of the sanction to allow for meaningful appellate review."[36] But, district court judges have wide discretion in sanctioning parties under Rule 11 and managing their dockets as they see fit.

In *O'Neal v. Allstate Indem. Ins. Co.*, a case remarkably similar to this case, the Eleventh Circuit affirmed the district court's ruling permanently enjoining a *pro se* plaintiff from filing any cases or documents without prior leave of court and imposing

---

[32] *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986).
[33] *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citation omitted).
[34] *Id.*
[35] *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989)).
[36] *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) (internal citations omitted).

10

$6,500 in monetary sanctions.[37] The Eleventh Circuit reiterated that

> [d]istrict courts have discretion to impose pre-filing screening restrictions on litigious plaintiffs. [F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed.[38]

2. <u>Analysis</u>

As in *O'Neal*, Plaintiff is a prolific filer of abusive and baseless lawsuits with an extensive litigation history. Plaintiff's filings and communications with the Court cross the line from incredible into detached from reality. The allegations in Plaintiff's Complaint clearly have no arguable basis in fact or law and are entirely without merit.

---

[37] *O'Neal v. Allstate Indem. Ins. Co.*, No. 20-14712, 2021 U.S. App. LEXIS 31265, at 9 (11th Cir. Oct. 19, 2021) ("The district court imposed sanctions for vexatious litigation after conducting an exhaustive review of Plaintiff's litigation history. The district court found that Plaintiff is a 'prolific filer of abusive lawsuits,' citing, among other proceedings, twenty cases filed in the Northern District of Alabama, thirty-nine cases filed in other federal district courts, nine cases filed in Alabama trial courts, appellate proceedings initiated in other state courts, and twenty nine appeals taken in various federal circuit courts of appeal. The court not only evaluated the merits of these cases, finding many meritless and some incredible, but discerned a repeating pattern of abusive litigation tactics employed by Plaintiff. For instance, the court found that Plaintiff often seeks to (1) 'relitigate imagined disputes that have already been dismissed in another forum,' (2) move for reconsideration of issues already decided, and (3) seek Rule 11 sanctions against attorneys for opposing his frivolous claims, as Plaintiff did in this case. Plaintiff argues that the district court abused its discretion in imposing sanctions because his litigation record does not establish that he is a vexatious litigant inclined to file frivolous claims and the district court 'falsified an explicit substantive finding' to the contrary. We disagree. The district court acted well within its discretion to sanction Plaintiff for costly, abusive, and vexatious filing behavior. District courts have inherent authority to sanction as well as the power to impose Rule 11 sanctions sua sponte. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); Fed. R. Civ. P. 11(c)(3). The court properly exercised that authority here after affording Plaintiff multiple opportunities through hearings and briefs to show cause why he should not be sanctioned.").

[38] *Id*. at 12-13. ("The pre-filing injunction here is a reasonable response to Plaintiff's litigious history and does not impermissibly foreclose Plaintiff access to the courts. It is limited to pro se filings and allows meritorious pro se filings upon leave of court."). *See also*, *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021) (upholding injunction prohibiting plaintiff from filing any future ADA complaints without first obtaining written permission from the court); *Cofield v. Ala. Public Serv. Comm.*, 936 F.2d 512, 517-18 (11th Cir. 1991) (upholding injunction requiring plaintiff "to send all pleadings to a judge for pre-filing approval.").

As previously discussed, over twenty of Plaintiff's previous lawsuits have been dismissed—including cases dismissed with prejudice involving the same or similar factual circumstances and defendants. Plaintiff's claims are objectively frivolous, and she should have been aware of their frivolous nature from the multiple orders dismissing her prior complaints as frivolous.[39]

Plaintiff's pattern of vexatious filings, flagrant disregard for court orders, and pattern of abuse of the United States Courts demonstrate that *res judicata* is insufficient to deter Plaintiff from continuing to file such meritless and abusive lawsuits. Therefore, this Court must **PERMANENTLY ENJOIN** Plaintiff from filing any cases or documents in the United States Court for the Middle District of Georgia without prior leave of Court. Sanctioning Plaintiff will protect the Middle District's docket from Plaintiff's abuse and does not entirely foreclose Plaintiff's access to the courts.

## CONCLUSION

Because Plaintiff's illogical, meritless, and frivolous Complaint fails to state a claim, her Complaint is **DISMISSED with prejudice.** As a result of her abuse of the judicial process, frivolous filings, and patterns of vexatious litigation, Plaintiff is

---

[39] *See Everage v. Cent. Broad. Sys. Corp.*, No. 7:18-102-KKC, 2019 U.S. Dist. LEXIS 35883, at 3-4 (E.D. Ky. Mar. 6, 2019) ("The allegations in this action are essentially the same as those Everage alleged in her action against ABC, NBC, Fox, and Walt Disney. *Everage v. ABC Television Network, Inc.*, Case No. 7:18-119 (filed Nov. 16, 2018)). In that action also, she alleged that WYMT had hidden cameras in her home and transmitted her private life to all the major television networks for use in television shows. Judge Robert Wier permitted Everage to proceed *in forma pauperis* in that action. Thus, he screened the complaint under 28 U.S.C. § 1915(e)(2)(B)(i), which requires that the Court dismiss any such action that is frivolous. Judge Wier dismissed Everage's complaint, finding it to be 'farfetched,' and 'fanciful and fantastic.'").

**PERMANENTLY ENJOINED** from filing any cases or documents in the United States Court for the Middle District of Georgia without prior leave of court. If Plaintiff wishes to file any cases or documents in the district, she **MUST** first obtain prior written permission from the Clerk of Court.

Plaintiff's motion for recusal [Doc. 49] is **DENIED.** Plaintiff's Motion to Amend [Doc. 11] is **DENIED.** All other pending motions to dismiss in this case [Docs. 16, 22, 26, 40] are **DENIED as moot.** Defendant's Motion to Quash Subpoena [Doc. 39] is **DENIED as moot.**

**SO ORDERED** this 19th day of January, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
